**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Frank Drew,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 25 CV 2256 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| **City of Evanston, *et al.,*** | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS JAMRAZ, HUTTON, MCCARTHY HOWARD AND GRESHAM'S MOTION TO DISMISS COUNT XI

NOW COMES defendants, Jeff Jamraz, James Hutton, Robert McCarthy, John Howard and Michael Gresham (collectively referred to as "Defendant Officers"), by and through their attorneys, Oberts Galasso Law Group, and pursuant to Federal Rule of Civil Procedure Fed. Rule Civ. Pro. 12(b)(6) move to dismiss Plaintiff's Count IX (willful and wanton). In support thereof, Defendant Officers state as follows:

### INTRODUCTION

On December 12, 1996, at about 9:00 pm, Ronald Walker was shot and killed while standing near the intersection of Church Street and Dodge Avenue in Evanston Illinois. Dkt. #1, ¶ 1. Plaintiff was convicted of the Walker murder and sentenced to 60 years in prison. *Id*. at ¶ 86. On May 27, 2022, Plaintiff's murder conviction was vacated and on March 21, 2024 the State of Illinois dismissed charges against Plaintiff. *Id*. at ¶ 99, 100.

Defendants Jeff Jamraz, James Hutton, Robert McCarthy, John Howard and Michael Gresham are former police officers with the Evanston Police Department. *Id*. at ¶ 12, 13. Plaintiff alleges that Defendant Officers engaged in misconduct during the investigation and prosecution

1

of Plaintiff for the Walker murder, including alleging Plaintiff was coerced into confessing to the murder, alleging that witness statements were fabricated against Plaintiff, and alleging that exculpatory evidence was withheld from prosecutors and Plaintiff. Defendant Officers strenuously deny the allegations of misconduct levied them.

**LEGAL STANDARD**

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), courts accept as true the well-pled facts of a complaint and draw all reasonable inferences in favor of the plaintiff. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). A court is not required, however, to accept as true a legal conclusion couched as a factual allegation or unsupported conclusions of fact. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, and not its merits*. Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). In order to withstand a motion to dismiss, Plaintiffs' Complaint must describe the claim in sufficient detail to give the Defendants fair notice of the claim and the grounds upon which the claim is based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the Complaint merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it fails to satisfy the pleading requirements and dismissal is appropriate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Additionally, the Complaint must plausibly suggest Plaintiff's right to relief beyond a speculative level. *See Brooks v. Ross,* 578 F.3d 574 (7th Cir. 2009); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Twombly*, 550 U.S. at 555.

## ARGUMENT

**I.     COUNT IX SHOULD BE DISMISSED BECAUSE ILLINOIS LAW CONFERS NO SEPARATE CAUSE OF ACTION FOR WILLFUL AND WANTON CONDUCT AND PLAINTIFF ALLEGES A DUTY NOT RECOGINIZED UNDER ILLINOIS LAW.**

In Count XI, Plaintiff alleges a State Law Claim of Willful and Wanton Conduct. However, under well-settled Illinois law, "there is no separate, independent tort of willful and wanton conduct." *Jane Doe-3 v. McLean Cnty. Unit Dist. No. 5 Bd. of Directors*, 2012 IL 112479, ¶ 19 (2012); *Krywin v. Chicago Transit Authority*, 238 Ill.2d 215, 235 (2010). "Rather, willful and wanton conduct is regarded as an aggravated form of negligence." *McLean*, 2012 IL 112479, ¶ 19. Accordingly, to recover for damages based on willful and wanton conduct, a plaintiff must plead and prove the basic elements of a negligence claim, that is that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of plaintiff's injury, in addition to alleging either a deliberate intention to harm or a conscious disregard for the plaintiff's welfare. *Id*.

There is no recognized standalone claim for willful and wanton conduct, nor is there any "duty to refrain from willful and wanton conduct" under Illinois law. By failing to allege a duty recognized under Illinois law, Plaintiff fails to allege the necessary elements for a negligence claim, let alone an aggravated form of negligence. This failure is fatal to Plaintiff's claim in Court IX. Therefore, Count IX does not state a claim for which relief can be granted.

In *Fletcher v. Bogucki*, et al., the court dismissed a similar a claim ruling that the allegation that a "duty to refrain from willful and wanton conduct in connection with the … murder investigation" is insufficient to allege even a negligence claim aggravated by willful and wanton conduct. No. 20-CV-04768, 2021 WL 4477968, at *8 (N.D. Ill. Sept. 30, 2021). Similarly, in *Jackson v Wojcik* et al., the court found that the language of the plaintiff's "willful

and wanton" claim was too vague to properly plead the necessary elements of a negligence claim, language that is nearly identical to that alleged by Plaintiff in Count XI. See 23-CV-02027, Dkt. #126 (N.D. Ill. February 6, 2023). Plaintiff's erroneous invocation of a standalone "willful and wanton conduct" claim and failure to allege a duty recognized under Illinois law is fatal to his claim in Count XI and requires dismissal.

## **CONCLUSION**

WHEREFORE, Defendants Jeff Jamraz, James Hutton, Robert McCarthy, John Howard and Michael Gresham move to dismiss Count IX with prejudice, and for such other relief as this the Honorable Court deems appropriate.

Respectfully submitted,

s/*William B. Oberts*

Attorney for Jeff Jamraz, James Hutton, Robert McCarthy, John Howard and Michael Gresham

William B. Oberts
Kevin C. Kirk
Oberts Galasso Law Group
181 W. Madison St, Suite 4700
Chicago IL 60602
wboboerts@obertsgalasso.com
kckirk@obertsgalasso.com
docket@obertsgalasso.com