**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FRANK DREW, | |
| Plaintiff, | Case No. 1:25-cv-02256 |
| v. | Judge Joan H. Lefkow, District Judge |
| CITY OF EVANSTON, JEFF JAMRAZ, JAMES HUTTON, MARK KOSTECKI, CARLOS MITCHEM, JOHN HOWARD, CHARLES WERNICK, R. McCARTHY, MICHAEL GRESHAM, STEVEN GOEBEL, and COOK COUNTY, | |
| Defendants. | |

## CORRECTED PROPOSED SCHEDULING ORDER

The parties, having held a scheduling conference attended by Rachel Brady and Alyssa Martinez for Plaintiff; Kelli Huntsman for Defendant Cook County; William E. Bazarek and Christian Michalik for Defendant Goebel; William Oberts and Kevin Kirk for the Officer Defendants; and Cynthia Grandfield for Defendant City of Evanston, as required by Fed. R. Civ. P. 26(f), submit the following proposed scheduling order:

(A)     The City of Evanston and Plaintiff are exploring whether an early settlement conference may result in the disposition of the case against the City of Evanston and the Individual Defendant Officers.

(B)     The parties have agreed on the following timeline for Rule 26(a)(1) disclosures:

- The City of Evanston will disclose applicable insurance policies, pursuant to Rule 26(a)(1)(iv), by **July 9, 2025**
- The parties will exchange documents they have in their possession, custody, or control, pursuant to Rule 26(a)(1)(ii), by **July 14, 2025**
- The parties will exchange formal Rule 26(a)(1) disclosures by **August 15, 2025**

1

(C)     Amendments to the pleadings and/or joinder of additional parties are anticipated and may be sought upon appropriate motion by **December 1, 2025**. Amendments thereafter may be made only on motion for good cause shown.

(D)     The parties disagree on a timeline to complete fact discovery.
- Plaintiff proposes 12 months to complete discovery. Plaintiff believes setting a shorter deadline will motivate the parties to work diligently in the earlier months to move the case forward, with the understanding that they can request additional time if necessary. Plaintiff filed this lawsuit in March 2025, so Defendants have already had four months to gather and review their files. What's more, Defendant Cook County has been litigating the case for more than 20 years, and has access to the bulk of the relevant documents. Assuming the parties exchange written discovery within the next four months and only then begin oral discovery, the parties would still have 35 weeks to complete depositions.
- Defendants will work diligently to complete fact discovery, but Defendants' position is that more time is necessary to complete fact discovery. Defendant Cook County disagrees with the Plaintiff's argument that it has been litigating this case for more than 20 years and thus, has access to the documents.  As Plaintiff's counsel is aware from the numerous other cases where Cook County has been named as a defendant for indemnification only, third party subpoenas, including subpoenas issued to the separate entity Cook County State's Attorney's Office are needed to obtain discovery. Defendants have not been able to gather and review all relevant materials. For example, Defendant Goebel, a retired Cook County judge does not presently have access to the files maintained by his former employer, the Cook County State's Attorney's Office Defendants (as parties and their counsel of record) do not yet have possession or control over all of the relevant documents from Plaintiff's criminal case, post-conviction proceedings, or pending appellate court proceedings. While Plaintiff already possesses substantial records due to the fact Plaintiff's counsel's firm has represented him in his criminal case and have had access to many of the relevant records for years, counsel for Defendants have neither received, nor begun a review of such records. As such, Defendants will have to, *inter alia*, issue subpoenas to the Cook County State's Attorney's Office, the Cook County Public Defender's Office, Office of the State Appellate Defender, the Illinois Department of Corrections, Cook County Department of Corrections, Exoneration Project, any mental health providers, and any private criminal defense counsel.  Defendants will have to order trial court and appellate records from the Cook County Clerk of Court and Clerk of the Illinois Appellate Court for a complete record of proceedings. Additionally, Defendants have not had the opportunity to investigate and identify all potential witnesses in this matter since they are still in the pleading stage. However, given that this case deals with Plaintiff's arrest and prosecution for a 1996 murder of an unarmed teenager up to the dismissal of criminal charges in 2024, Defendants anticipate dozens of witnesses disclosed as is common in reverse conviction cases that are decades old. Indeed,

Defendants anticipate there will likely be over 30 witnesses deposed in fact discovery. Many of these witnesses will be non-party witnesses that will have to be tracked down and subpoenaed for their deposition. Further, oral fact discovery will need to be coordinated with the Plaintiff's counsel and three sets of defense attorneys. Moreover, there is a significant amount of discovery to be conducted in this case, as Defendants anticipate discovery will relate to the underlying crime, Plaintiff's prosecution and post-conviction proceedings, Plaintiff's alleged damages, potential Fed. R. Evid. 404(b) discovery, and *Monell*. As such, Defendants respectfully request a fact discovery deadline of December 15, 2026.

- By agreement of the parties, Cook County is excluded from discovery obligations as its role is limited to that of an indemnitor.

(E) Fed. R. Civ. P. 26(a)(2) Disclosures: The parties anticipate the need for expert discovery in this case and will confer and submit a proposed schedule for expert discovery and *Daubert* motions within ten days after the close of fact discovery.

**Dispositive Motions**

Before a dispositive motion is filed, the parties will exchange demand and offer letters in an effort to reach resolution of the case. A status hearing will be set on a date determined by the court, approximately two weeks before the close of discovery. At this time, the parties will report on any outstanding discovery issues, as well on the possibility of settlement and whether a settlement conference with a judge may be helpful. The parties should expect to be referred to a magistrate judge for settlement discussions before filing a motion for summary judgment.

Also at this status hearing, the court will set a schedule for disposition of the case, including trial dates.

**Consent to Proceed Before a Magistrate Judge**

The parties do not consent to have their case proceed before a magistrate judge.

ENTER:


Date:_____        _____
                                        JOAN HUMPHREY LEFKOW
                                        U.S. District Judge

3