# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| FRANK DREW, | ) |
|     Plaintiff, | ) |
| | ) Case No. 25-cv-02256 |
| v. | ) |
| | ) Judge Joan H. Lefkow |
| CITY OF EVANSTON, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Before the court is the motion of Jeff Jamraz, James Hutton, Robert McCarthy, John Howard, and Michael Gresham ("Defendant Officers") to Dismiss Count IX. (Dkt. 47). The motion is denied. See Statement.

## STATEMENT

Plaintiff Frank Drew falsely confessed to the 1996 murder of Ronald Walker after allegedly being coerced and abused by Defendant Officers, who he also alleges fabricated evidence against him and suppressed exculpatory evidence. Drew spent 22 years in prison before his murder conviction was vacated in 2022. Nearly two years later, charges against him were dismissed. Drew now asserts several claims against Defendants under 42 U.S.C. § 1983. Before the court is Defendant Officers' motion to dismiss Count IX (willful and wanton conduct), filed on July 23, 2025.

Defendant Officers argue in their motion to dismiss that there is no independent tort of willful and wanton conduct, but that willful and wanton conduct is aggravated negligence. Aggravated negligence requires a plaintiff to allege the basic elements of negligence, plus a deliberate intention to harm or a conscious disregard for the plaintiff's welfare. *Jane Doe-3* v. *McLean Cnty. Unit Dist. No. 5 Bd. of Directors*, 973 N.E.2d 880, 887 (Ill. 2012). But as Drew argues in his response to Defendant Officers' motion, Illinois state courts, this district, and the Seventh Circuit have held that "Illinois recognizes a claim for willful and wanton conduct as a form of aggravated negligence." *Farnik* v. *Chicago Police Dep't*, No. 14 C 3899, 2015 WL 13878225, at *3 (N.D. Ill. July 13, 2015); *see Doe-2* v. *McLean Cnty. Unit Dist. No. 5*, 593 F.3d 507, 514 (7th Cir. 2010); *Doe* v. *Coe*, 135 N.E.3d 1, 20 (Ill. 2019). Defendants essentially concede this point in their reply. (Dkt. 69 at 1) ("Defendants do not seek to dismiss this claim because of the misnomer in the title of the claim…."). Drew's claim may proceed as an aggravated negligence claim.

Defendant Officers next argue that there is no duty for officers to refrain from willful and wanton conduct, and so a negligence claim cannot survive, citing *Fletcher* v. *Bogucki*, No. 20-CV-04768, 2021 WL 4477968, at *8 (N.D. Ill. Sept. 30, 2021) and *Jackson* v. *Wojcik*, 1:23-CV-02027, Dkt. #126 (N.D. Ill. February 6, 2024). But *Fletcher* and *Jackson* do not hold that police officers have no duty to refrain from willful and wanton conduct. Instead, plaintiffs' allegations in those cases were too vague to state a claim for negligence. *See Fletcher*, 2021 WL 4477968, at *8; *Jackson*, 1:23-CV-02027, Dkt. #126 at 6; *see also Benitez* v. *Bogucki*, No. 23-CV-16896, 2024 WL 4953818 at *4 (N.D. Ill. Dec. 3, 2024). Here, Drew makes specific allegations that support a negligence claim (police and prosecutors ignored relevant evidence, manipulated witnesses, fabricated evidence, coerced a false confession, and suppressed exculpatory information).

In their reply and during a September 3, 2025, status hearing, Defendant Officers further argue lack of duty by citing the Illinois Tort Immunity Act Section 2-202. 745 Ill. Comp. Stat. 10/2-202 ("A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct."). Defendant Officers argue that the Tort Immunity Act does not create a duty owed by a public employee for acts or omissions in the enforcement of the law. Defendant Officers assert that the statute simply limits and immunizes certain conduct from civil liability. But Defendant Officers are not immune from liability for a common law tort if it was committed willfully and wantonly. *Stevenson* v. *City of Chicago*, No. 17 CV 4839, 2018 WL 1784142 at *10 (N.D. Ill. Apr. 13, 2018) ("While the Illinois Tort Immunity Act generally grants immunity to the state government under specific circumstances, this immunity may be subject to a willful and wanton exception."). Defendants cite no authority for their position that no duty to avoid willful and wanton conduct in the enforcement of the law exists under the Illinois Tort Immunity Act.

Finally, Defendants argue that there is no Illinois state caselaw recognizing any defined duty that a police officer or prosecutor owes to a suspect in connection with a criminal investigation. But there is caselaw in this district supporting police officers' and prosecutors' duty to refrain from willful and wanton conduct during criminal investigations. *See Benitez*, 2024 WL 4953818, at *6 ("[T]he Court holds that the [police and prosecutor defendants] each had a duty to refrain from willful and wanton conduct in connection with their investigation into the murders."). There is insufficient basis for the court to dismiss Count IX, and Defendant Officers' motion is denied.

Date: September 17, 2025

_____
U.S. District Judge Joan H. Lefkow