# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRANK DREW, | |
| Plaintiff, | Case No. 1:25-cv-02256 |
| v. | Judge Joan Lefkow, District Judge |
| CITY OF EVANSTON et al., | Judge Beth Jantz, Magistrate Judge |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
THIRD-PARTY SUBPOENA RESPONDENT CCSAO'S MOTION FOR
<u>ENTRY OF A SUPPLEMENTAL PROTECTIVE ORDER</u>**

This is a wrongful conviction case involving a homicide investigation that happened almost 30 years ago. Plaintiff was wrongfully convicted in 1999 and exonerated in 2024 following 20 years of public post-conviction proceedings. The public records that already exist in this case are robust, and there is a confidentiality order already in place that applies to subpoenaed documents. ECF No. 80 ¶ 13. The Cook County State's Attorney's Office ("CCSAO") now requests an additional, redundant protective order. Plaintiff agreed that he would not oppose the CCSAO's request for entry of its proposed supplemental protective order, with two modifications: 1. Plaintiff asked the CCSAO to remove "line-up photos" from its list of confidential materials, since those are public information and already part of the record; and 2. Plaintiff asked the CCSAO to include a single additional sentence clarifying that "Information or documents that are available to the public may not be designated as Confidential Information." The CCSAO rejected Plaintiff's proposed modifications without explanation.

Because there would not be good cause to withhold any materials already in the public record, the Court should deny the CCSAO's motion for entry of its order without Plaintiff's proposed modifications.

## I. Line-Up Photos Should Not Be Confidential

Federal Rule of Civil Procedure 26(c)(1) requires "good cause" to enter a protective order. There must be a good reason to designate materials as confidential, and the law favors public access to discovery materials. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). The confidentiality protective order the Court has already entered in this case prohibits parties and subpoena recipients from designating as confidential information or documents "that are available to the public." ECF No. 80 ¶ 2.

The CCSAO seeks to define "lineup photos" as "confidential information."[1] ECF No. 91-1 ¶ 13d. The lineup photos in this case, however, are available to the public because they were admitted at Plaintiff's criminal trial. The photos also are part of the police file that the State was required to produce to Plaintiff during his prosecution. Photographs of the lineups the State used against Plaintiff that resulted in Plaintiff's wrongful conviction are not secret. The CCSAO should not be permitted to circumvent the prohibition against shielding public information from disclosure.

Judge Weisman recently denied in part the CCSAO's motion for a nearly identical supplemental protective order in a wrongful conviction case on the ground that the lineup photos are already part of the public record:

> The Court will enter the proposed CCSAO supplemental order without the line-up language because the lineup is already in the public record, the privacy interests of

---

[1] The CCSAO mistakenly says in its proposed protective order that lineup photos are considered confidential material in the existing protective order in this case. ECF No. 91-1 ¶ 1a. Lineup photos are not identified in the existing protective order. ECF No. 80 ¶ 2.

2

> others in the lineup have already been compromised, a confidentiality order could impact the discovery process and thus have a chilling effect, particularly as to those unfamiliar with the law, and given these circumstances and the age of the underlying criminal case, concerns regarding moving this case forward efficiently outweigh the privacy interests of other individuals in the lineup.

Ex. 1 (Minute Entry of Jan. 12, 2026 in *Ortiz v. Guevara et al.*, No. 24-cv-11057 (N.D. Ill.)).

Likewise, allowing the CCSAO to mark as confidential photos that are already part of the public record *in this case* and elsewhere would complicate things for no good cause. *See, e.g., Valve v. Zurn*, No. 10 C 204, 2012 WL 13397623, at *3 (N.D. Ill. Jan. 27, 2012) (rejecting protective order that would allow publicly available information to be confidential because "[s]uch a precedent would create unnecessary difficulties for the parties and for the Court"); *Gunawardana v. Am. Veterinary Med. Ass'n*, No. 3:19-CV-96-NJR, 2020 WL 13180014, at *1 (S.D. Ill. Apr. 9, 2020) (no good cause for protective order over publicly available information). The Court should therefore strike from the CCSAO's proposed order language permitting it to designate lineup photos as confidential.

## II. Publicly Available Information Should Not Be Confidential

The CCSAO also rejected Plaintiff's request to include the following sentence in its supplemental protective order: "Information or documents that are available to the public may not be designated as Confidential Information." But this Court already mandated that "[i]nformation or documents that are available to the public may not be designated as Confidential Information" in the existing protective order. ECF No. 80 ¶ 2. The only possible purpose the CCSAO could have for opposing that language is that it wishes to preserve its ability to designate public information as confidential. As discussed above, publicly available information can and should not be designated as confidential by some parties but not others. Nor

should the CCSAO be granted license to violate the terms of the existing court order and needlessly complicate things, with no countervailing cause.

The CCSAO's only argument rejecting Plaintiff's two narrow requests is that a "substantially similar" protective order has been entered in other cases. ECF No. 91 ¶¶ 23-24. The CCSAO presents no substantive discussion of the terms of those protective orders, whether there were other, redundant protective orders in those cases already, the nature of the cases, the age of the underlying facts and police records, whether documents the CCSAO sought to designate as confidential had already been produced as part of the public record, or whether the protective orders were contested. The mere fact that a similar protective order exists in other cases does not create good cause to enter it in this case under these circumstances. This Court should not grant the CCSAO's request simply because of what has occurred in other cases involving other parties and other circumstances; it must consider whether there is good cause in this case. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999); *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 859 (7th Cir. 1994) (citing *United States v. Kentucky Utils. Co.*, 124 F.R.D. 146 (E.D. Ky. 1989) for the proposition that "stipulated confidentiality orders should not be given binding effect even if they are endorsed by the court"). There is not.

## CONCLUSION

Accordingly, Plaintiff requests that if this Court enters the supplemental protective order, it strike from the CCSAO's proposed order any reference to lineup photos and add a sentence stating that "Information or documents that are available to the public may not be designated as Confidential Information." Plaintiff has no other objection.

Respectfully submitted,

FRANK DREW

By: */s/ Rachel Brady*
    One of His Attorneys

Jon Loevy
Rachel Brady
Alison R. Leff
Alyssa Martinez
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312) 243-5900
brady@loevy.com